# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **SIDNEY JAMES BREWER, #624856,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0772-R |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Michael Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of the Case: On January 23, 1996, a jury found Petitioner guilty of aggravated sexual assault of a child under fourteen years of age, enhanced the sentence with two prior felony convictions, and assessed punishment at seventy years imprisonment. *State v. Brewer*, No. F92-40877-L (Crim. Dist. Ct. No. 5, Dallas County, Tex.). The Court of Appeals affirmed

his conviction. *Brewer v. State*, No. 05-96-00217-CR (Tex. App. -- Dallas, Mar. 5, 1998, pet. ref.).

Thereafter, Petitioner sought state habeas relief, which the Texas Court of Criminal Appeals (TCCA) denied. *Ex parte Brewer*, No. WR-21,102-02. Petitioner's request for federal habeas relief was also unsuccessful. *Brewer v. Johnson*, No. 3:99cv1464 (N.D. Tex., Dallas Div. Jul. 12, 2001) (accepting findings, conclusions and recommendation of the magistrate judge, and denying the petition on the merits). The Fifth Circuit Court of Appeals denied his request for a certificate of appealability on November 13, 2001. *See* No. 01-11073.[1]

Subsequently, Petitioner twice sought state habeas relief. The TCCA dismissed both applications as successive on January 26, 2005, and December 13, 2006, respectively. *See Ex parte Brewer*, Nos. WR-21,102-03 and WR-21,102-04. Petitioner concedes the latter application raised the claims at issue in the present petition.

Petitioner also filed a motion for DNA testing under chapter 64, of the Texas Code of Criminal Procedure, with respect to his prior conviction in No. F87-80756-QI, which was used to enhance his current sentence. The trial court denied Petitioner's motion for DNA testing, and

---

[1] The federal petition raised the following grounds:

(1) The trial court erred when it failed to grant a continuance to allow Sandra Kanty to testify about whether Petitioner had access to the victim;
(2) Petitioner was convicted of an offense that was not charged in the indictment;
(3) Counsel provided ineffective assistance by (a) failing to investigate facts pertaining to the statement that he gave to Detective Grady Ford; (b) failing to object to and request a limiting instruction regarding the extraneous offenses; and (c) failing to object when the jury was not instructed on the "power of suggestion" defense;
(4) He was denied due process and a fair trial because the evidence was insufficient to support his conviction; and
(5) The trial court violated his constitutional rights by excluding the testimony of Lizette Batiste, the outcry witness.

the Court of Appeals affirmed. *Brewer v. State*, No. 05-04-01005-CR (Tex. App – Dallas Jan. 23, 2006, no pet.).

In the present petition for writ of habeas corpus, Petitioner again seeks to challenge his conviction for aggravated sexual assault in No. F92-40877-L. He raises the following three grounds:

> (1) counsel rendered ineffective assistance in failing to bring forward evidence of Petitioner's actual innocence at trial;
>
> (2) insufficient evidence was presented to establish statutory enhancement requirements; and
>
> (3) denial of requested DNA testing on the prior conviction used for enhancement purposes violated Petitioner's constitutional rights and the interest of justice.

<u>Findings and Conclusions</u>: The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (West 2006).

In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Court held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Therefore, as an initial inquiry the Court must determine if the present petition constitutes a successive application under § 2244(b)(3)(A).

In general, "a later petition is successive when it: 1) raises a claim challenging the

petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone*, 324 F.3d at 836-37. Section 2244(b)(2)(B)(i) and (ii) provides an exception when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and" under the facts no reasonable fact finder could have found him guilty of the offense charged.

The facts underlying Petitioner's first and second claims relate to matters that took place during trial, which long predated the filing of the first federal petition. In his first ground, Petitioner complains of the ineffective assistance of counsel at trial, whereas in the second ground, he challenges the sufficiency of evidence presented at trial to support the enhancement paragraphs. These claims were, thus, available when Petitioner filed his initial federal petition and could have been raised therein. "Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *See Crone*, 324 F.3d at 837. Therefore, the Court concludes that the present petition is "successive" under the AEDPA.

In his third ground, Petitioner asserts that the denial of DNA testing with respect to his prior conviction in No. F87-80756, which was used to enhance his current sentence, violated his constitutional rights and the interest of justice. Senate Bill 3 passed on June 6, 2001, during the pendency of Petitioner's first federal petition, and is now codified at Tex. Code of Crim. P. Ann. arts. 64.01-64.05 (Vernon Supp. 2007). Even assuming Petitioner did not learn about the DNA testing statute, until after his initial § 2254 petition was denied on the merits, his present petition is essentially another attack on his conviction and sentence on similar grounds raised or that could have been raised in his previous petition. Thus, the present petition is "functionally" a

second or successive petition for habeas relief. *See Kutzner v. Cockrell*, 303 F.3d 333, 338-39 (5th Cir. 2002) (holding that motion for DNA testing was functionally equivalent to a successive habeas petition because motion essentially attacked his conviction and sentence on constitutional grounds, and claims were available to Petitioner since the time of his trial); *See Stewart v. Quarterman*, 203 Fed. Appx. 587, 588 (5th Cir. 2006) (unpublished per curiam) (in light of petitioner's contention that DNA evidence was potentially exculpatory, the Fifth Circuit concluded that the habeas petition challenging the denial of DNA evidence was a second or successive § 2254 application); *Rogers v. Cockrell*, 2003 WL 21246099, at *2, No. 4:02-CV-954-Y (N.D. Tex., Fort Worth, Apr. 14, 2003) (habeas petition raising DNA testing claim was "essentially an attack on his conviction and sentence on similar grounds raised in the previous petition"); *see also Dawson v. Quarterman*, 2006 WL 2820069 (N.D. Tex., Dallas, Sep. 29, 2006) (dismissing habeas petition challenging denial of motion for DNA testing without prejudice to Petitioner seeking leave to file a successive § 2254 petition from the Fifth Circuit Court of Appeals).

In light of the successive nature of the present petition, this Court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Key*, 205 F.3d at 774. Therefore, the petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of

Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 18th day of September, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.